STATE, EX REL. COULVERSION, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL.

(No. 85AP-735—Decided March 13, 1986.)

*Theodore A. Bowman,* for relator Zoraida Coulversion.

*Anthony J. Celebrezze, Jr.,* attorney general, *Janet E. Jackson* and *James G.*

*Neary,* for respondent Industrial Commission.

GEORGE, J. This matter is before the court on relator's objections to the referee's recommendation that this court stay the instant proceedings.

On August 21, 1985, this original action in mandamus was initiated. Relator sought to vacate an order of the Industrial Commission of Ohio finding that she was not temporarily totally disabled subsequent to January 3, 1984. Thereafter, this court received a suggestion that the action should be stayed pursuant to Section 362, Title 11, U.S. Code, because the employer had filed a Chapter 11 voluntary petition in bankruptcy. Pursuant to Civ. R. 53, the matter was referred to a referee who issued an order directing the parties to show cause why the instant action should not be stayed.

On November 20, 1985, the referee issued a report in which he recommended that the cause be stayed. He concluded that *In re Mansfield Tire & Rubber Co.* (C.A. 6, 1981), 660 F. 2d 1108, was inapplicable. The relator then objected to the referee's report and, in response, the Industrial Commission agreed with the position taken by the relator. For the following reasons, we sustain the objections to the referee's report and hold that a stay of this action is inappropriate..

Section 362, Title 11, U.S. Code, provides, in part:

"(a) *Except as provided in subsection (b) of this section,* a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970 (15 U.S.C. 78eee (a)(3)), operates as a stay, applicable to all entities, of—

"(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or

could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

"* * *

"(b) the filing of a petition under section 301, 302, or 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970 (15 U.S.C. 78eee(a)(3)), *does not operate as a stay—*

"* * *

"(4) under subsection (a)(1) of this section, of the commencement or continuation of an *action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;*

"(5) under subsection (a)(2) of this section, of the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power * * *." (Emphasis added.)

Pursuant to these sections, an action or proceeding by a governmental unit to enforce such unit's police or regulatory power is not subject to the automatic stay provision. In the case of *In re Mansfield Tire & Rubber Co., supra,* the Sixth Circuit Court of Appeals held that the administration of workers' compensation claims, by the state of Ohio and the agencies created for that purpose, is a valid exercise of the police or regulatory power of a governmental unit. Thus, the activity fell within the exception of Section 362(b)(4), Title 11, U.S. Code, and a stay of the action was held inappropriate.

In the instant case, the referee distinguished *In re Mansfield Tire & Rubber Co.* on the basis that in that case the claimant and the state of Ohio had petitioned the bankruptcy court for relief from the stay provisions whereas, in the instant case, there was no such evidence. Regardless of this fact, we hold that *In re Mansfield Tire & Rubber Co.* is applicable. Therefore, the objection to the referee's report is sustained, and the stay is vacated.

*Objection sustained; stay vacated.*

McCormac and Mitrovich, JJ., concur.

George, J., of the Ninth Appellate District, sitting by assignment in the Tenth Appellate District.

Mitrovich, J., of the Lake County Court of Common Pleas, sitting by assignment in the Tenth Appellate District.